JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MICHELLE R. BENNETT
Assistant Branch Director
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC  20005
Tel.:  (202) 353-3098
Fax:  (202) 616-8460
Email:  Daniel.Riess@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, by and through ATTORNEY GENERAL XAVIER BECERRA,<br><br>Plaintiff,<br><br>v.<br><br>ALEX M. AZAR, in his official capacity as SECRETARY OF HEALTH & HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>Defendants. | Case No.: 3:19-cv-01184-EMC<br><br>**RELATED TO**<br><br>Case No.: 3:19-cv-01195-EMC<br><br>**NOTICE TO THE COURT** |

Defendants respectfully notify the Court that on April 25, 2019, the U.S. District Court for the Eastern District of Washington issued a nationwide injunction against the Final Rule being challenged in this litigation. *See State of Washington v. Azar*, Case No. 1:19-cv-03040-SAB (E.D. Wash. Apr. 25, 2019) (attached as Ex. 1) ("Washington Order").

The issuance of the Washington Order obviates any need for preliminary injunctive relief in this case.  A showing of irreparable harm is of course "necessary" to obtain preliminary

injunctive relief. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 n.6 (9th Cir. 2011). In light of the decision in the Washington case, Plaintiffs cannot make that showing. Indeed, in enjoining the Defendants in this action from "implementing or enforcing the Final Rule . . . in any manner or in any respect . . . until further order of the Court," Washington Order at 18-19, the Washington court provided Plaintiffs here with all the injunctive relief they seek. Plaintiffs in a separate case challenging this Rule put it best in a notice withdrawing their preliminary injunction motion: "Because the Washington Order's nationwide injunction temporarily stops the Rule from going into effect altogether until further order of that Court . . . there is no longer an imminent threat of irreparable harm to Plaintiffs necessitating a preliminary injunction from this Court." *Maine Family Planning v. U.S. HHS*, 1:19-cv-00100-LEW (D. Me. Apr. 26, 2019), ECF No. 65. The same is true here: The requirement that a party show irreparable harm restricts this Court's authority to enter a duplicative nationwide injunction. Because Plaintiffs cannot show irreparable harm absent injunctive relief from this Court, the Court should at the very least stay consideration of their motions for a preliminary injunction. *See, e.g.*, Order, ECF No. 143, *Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018) (staying request for preliminary relief because another nationwide injunction "calls into question whether the harm Plaintiffs allege are actually imminent or certain—a prerequisite for a preliminary injunction"); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017) ("[T]he Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As such, the State will not suffer irreparable damage.").

The government is currently considering whether to appeal the Washington Order and whether to seek a stay of that injunction pending appeal. Plaintiffs thus might argue they could suffer irreparable harm in the future, if any appeal by the government results in the preliminary injunction being vacated or narrowed. But an injury that is expressly contingent on a future event is, by definition, not an imminent, irreparable injury. *See Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) ("Injury that is hypothetical or speculative does not rise to the level of

irreparable harm."); *accord In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm.").

      Accordingly, unless and until the Washington injunction is stayed or vacated, the Court should stay consideration of Plaintiffs' preliminary injunction motions. Should the government seek and obtain a stay of the Washington Order, the Plaintiffs could move this Court to lift the stay, at which point the Court—having already received lengthy briefing and heard oral argument—would be in a position to rule promptly. Unless and until that happens, however, Plaintiffs will not suffer irreparable harm absent an injunction from this Court, and there is accordingly no basis for the Court to resolve Plaintiffs' motions for preliminary injunction at this time.

Dated: April 26, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

MICHELLE R. BENNETT
Assistant Branch Director

/s/ *Daniel Riess*
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 353-3098
Fax:  (202) 616-8460
Email:  Daniel.Riess@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2019, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

>*/s/ Daniel Riess*
>DANIEL RIESS
>(Texas Bar No. 24037359)