UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, <br> Plaintiff, <br> v. <br> ALEX AZAR, et al., <br> Defendants. | Case No. 19-cv-01184-EMC <br> **RELATED TO** <br> Case No. 19-cv-01195-EMC |
| ESSENTIAL ACCESS HEALTH, INC., et al., <br> Plaintiffs, <br> v. <br> ALEX M. AZAR II, et al., <br> Defendants. | **ORDER DENYING DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL** <br> Docket No. 109, C-19-1184 <br> Docket No. 83, C-19-1195 |

On April 26, 2019, the Court issued an order preliminarily enjoining Defendants from implementing the Final Rule at 84 Fed. Reg. 7714 (2019). Docket No. 103 ("Injunction Order"). Defendants move the Court to stay the preliminary injunction pending appeal to the Ninth Circuit. Docket No. 109 ("Stay Mot.").

## I. DISCUSSION

"A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203–04 (9th Cir. 2012) (alterations in original) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). That judicial discretion is guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

1  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

2  parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Nken*, 556

3  U.S. at 434). Of these factors, the first two "are the most critical." *Id.* The party requesting a stay

4  bears the burden of showing that the circumstances justify an exercise of the Court's discretion.

5  *Id.*

As discussed in full in the Injunction Order, the Court has determined that the Final Rule is likely unlawful, that Defendants have failed to establish that they will be irreparably harmed if the Final Rule is enjoined, and that the balance of hardships and the public interest tip sharply in favor of an injunction. *See* Injunction Order at 14–76. For the same reasons, the Court finds that Defendants have not satisfied their burden of showing that a stay of the Injunction Order is justified.

Defendants' stay motion raises several additional points that warrant analysis. First, Defendants contend that "many of the arguments the Court found persuasive for why the Rule is arbitrary and capricious," such as HHS's failure to adequate consider the compliance costs and benefits surrounding the Rule, "were not included in Plaintiffs' motion, and therefore were not properly before the Court." Stay Mot. at 7. However, Plaintiffs did argue the Final Rule is arbitrary and capricious because HHS failed to consider its costs. *See* Docket No. 26 at 15 ("In issuing the Rule, Defendants ignored impacts of the Rule that were raised by California and others in public comments."). In addition, the deficiencies in HHS's assessment of the costs and benefits of the Final Rule were extensively briefed by amicus curiae, the Institute for Policy Integrity. *See* Docket No. 48-1 at 5–15. "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (citation and internal quotation marks omitted)); *see also Davis v. United States*, 512 U.S. 452, 457 n.* (1994) ("[W]e will consider arguments raised only in an amicus brief . . . .") (citing *Teague v. Lane*, 489 U.S. 288, 300 (1989) (plurality opinion)). The Institute for Policy Integrity expressly addressed cost/benefit issues in its

2

amicus brief.  Defendants had the opportunity to respond but did not.

Second, Defendants argue that they and Title X grantees will "be harmed in the absence of a stay because the injunction would cause significant uncertainty as to how HHS may administer the Title X program and/or allocate funds going forward." Stay Mot. at 11.[1]  But the uncertainty that is created when a preliminary injunction is appealed is inevitable regardless of whether a stay is granted; even if the Court were to grant the stay request and allow Defendants to roll out the new regulatory scheme, confusion and uncertainty would obtain and HHS would be forced to abruptly backtrack if the preliminary injunction is affirmed.  If anything, a preliminary injunction reduces uncertainty by preserving the status quo. *See Chalk v. U.S. Dist. Court Cent. Dist. of California*, 840 F.2d 701, 704 (9th Cir. 1988) ("The basic function of a preliminary injunction is to preserve the status quo pending a determination of the action on the merits.").  In any event, HHS recently disbursed the Title X grant funds for fiscal year 2019, and represents that it does not intend to "offer guidance" to grantees regarding future grants until October 2019. *Id.* at 10–11. Thus, even assuming the uncertainty Defendants describe constitutes cognizable harm, a stay "is not now needed to guard against any *present or imminent* risk of likely irreparable harm." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (emphasis added) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 160 (2010)).  The merits of the appeal might well be decided before October.

Third, Defendants urge the Court to narrow the scope of its Injunction Order to exclude "aspects of the Rule [that] are not at issue this litigation." Stay Mot. at 12.  The Court recognizes that the Final Rule contains a severability provision, *see* 84 Fed. Reg. at 7725, and that Plaintiffs did not challenge every aspect of the Final Rule.  In particular, section 59.3, which specifies "[w]ho is eligible to apply for a family planning services grant or contract," and section 59.5(a)(13), which sets forth certain reporting requirements for grant applicants, were not

---

[1] Plaintiffs note that it is within Defendants' power to mitigate this uncertainty by tolling the Final Rule's compliance deadlines for the time the injunction is in effect, giving HHS and grantees adequate time to ensure compliance in the event the Injunction Order is reversed. *See California* Docket No. 112 at 3; *Essential Access* Docket No. 86 at 4. However, Defendants represent that they are unwilling to do so. *See* Stay Mot. at 10–11.

3

challenged.[2] *See* 42 C.F.R. §§ 59.3, 59.5(a)(13) (2019). Accordingly, the Court amends the Injunction Order to exclude sections 59.3 and 59.5(a)(13) from the scope of the injunction consistent with the severability provision.

## II. CONCLUSION

Defendant's motion to stay the preliminary injunction pending appeal is **DENIED**. The Injunction Order is **AMENDED** to exclude from its scope sections 59.3 and 59.5(a)(13) of the Final Rule.

This order disposes of *California* Docket No. 109 and *Essential Access* Docket No. 83.

**IT IS SO ORDERED**.

Dated: May 8, 2019

_____
EDWARD M. CHEN
United States District Judge

---

[2] Defendants assert that section 59.17—which requires Title X grantees to, among other things "conduct a preliminary screening of any minor who presents with a sexually transmitted disease (STD), pregnancy, or any suspicions of abuse, in order to rule to victimization" and to "[m]aintain records" of "the age of the minor client's sexual partners"—is not at issue. Stay Mot. at 12. However, Plaintiffs argued that these reporting requirements, together with the Final Rule's "family participation" requirements, "will dissuade teen patients from seeking services" and violate Section 1554 of the Affordable Care Act. *Essential Access* Docket No. 25 at 13; *see* Injunction Order at 45–46.