1   XAVIER BECERRA
    Attorney General of California
2   MICHAEL L. NEWMAN
    Senior Assistant Attorney General
3   KATHLEEN BOERGERS
    Supervising Deputy Attorney General
4   ANNA RICH, State Bar No. 230195
    BRENDA AYON VERDUZCO
5   KETAKEE R. KANE
    Deputy Attorney General
6     1515 Clay Street, 20th Floor
      P.O. Box 70550
7     Oakland, CA 94612-0550
      Telephone: 510-879-0296
8     Fax: 510-622-2270
      E-mail: Anna.Rich@doj.ca.gov
9   *Attorneys for Plaintiff State of California, by and*
    *through Attorney General Xavier Becerra*
10

11                  IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14

15  | **STATE OF CALIFORNIA, by and through** | 3:19-cv-01184-EMC |
    | **ATTORNEY GENERAL XAVIER** | |
16  | **BECERRA,** | |

17  |                                        Plaintiff, | **PLAINTIFF'S ADMINISTRATIVE** |
                                                          | **MOTION TO CONSIDER WHETHER** |
18  | v. | **CASES SHOULD BE RELATED** |

19  | | **[N. D. CAL. CIVIL L.R. 3-12 & 7-11]** |

20  | **ALEX AZAR, in his OFFICIAL** | |
    | **CAPACITY as SECRETARY of the U.S.** | Judge:          Honorable Edward M. Chen |
    | **DEPARTMENT of HEALTH & HUMAN** | Trial Date:     None set. |
21  | **SERVICES; U.S. DEPARTMENT of** | Action Filed:   March 4, 2019 |
    | **HEALTH & HUMAN SERVICES,** | |
22

23  |                                        Defendants. | |

24

25

26

27

28

1

## I.      INTRODUCTION & BACKGROUND

Plaintiff the State of California seeks an order to relate three cases under Civil Local Rules 3-12 and 7-11 because all three cases involve identical defendants, similar claims and plaintiffs, and because failure to relate the cases may result in burdensome duplication of labor and expense and conflicting or inconsistent outcomes. In the cases, plaintiffs raise Administrative Procedure Act (APA) and constitutional challenges to two healthcare regulations promulgated by the U.S. Department of Health and Human Services (HHS) and HHS Secretary Alex M. Azar, and Defendants recognize the interplay between the two challenged rules.

The first challenged rule is HHS's Title X Final Rule, the subject of the above-captioned case. The rule seeks to supplant the 2000 Title X regulations which implement Congress' nondirective counseling mandate. On March 4, 2019, California filed the complaint in this case. (Dkt. No. 1), and on April 26, 2019, this Court issued a preliminary injunction prohibiting implementation of the new Title X Final Rule in California. Order Granting Mot. for Prelim. Inj., Dkt. No. 103.

The second challenged rule is the Refusal Rule, which allows healthcare providers, including Title X-funded family planning providers specifically, to refuse to comply with programs rules and applicable state and federal laws—including nondirective counseling requirements—on the basis of religious, ethical, or other beliefs. 84 Fed. Reg. 23170, 23264 (May 21, 2019). In May 2019, the City and County of San Francisco and California filed suits challenging the Refusal Rule. *City and County of San Francisco v. Azar, et al.*, Case No. 3:19-cv-2405 (N.D. Cal. May 2, 2019) (Declaration of Anna Rich ("Rich Decl."), Ex. A); *State of California v. Azar, et al.*, Case No. 3:19-cv-02769 (N.D. Cal. May 21, 2019) (Rich Decl., Ex. B) (collectively, the Refusal Rule cases).

However, there is a conflict between the Title X Final Rule and the Refusal Rule cases, such that they should be related. In this case, the Court held that "nondirective counseling" includes nondirective referrals to abortion providers if a client seeks such a referral. Dkt. No. 103 at 31-32. As such, Title X's referral restriction violates Congress' nondirective counseling requirement. *Id.* Two other District Courts have also enjoined implementation of the Title X Final

1

Rule. *Oregon v. Azar*, 6:19-cv-00317-MC and *American Medical Association v. Azar*, No. 19-cv-00318-MC, 2019 WL 1897475 (D. Or. Apr. 29, 2019), appeal docketed, No. 19- 35386 (9th Cir. May 6, 2019); *Washington v. Azar*, No. 1:19-cv-03040-SAB and *Nat'l Family Planning & Reproductive Health Ass'n v. Azar*, No. 19-cv-03045, 2019 WL 1868362 (E.D. Wash. Apr. 25, 2019), No. 19-cv-03045, appeal docketed, No. 19-35394 (9th Cir. May 6, 2019).

But under the Refusal Rule, any Title X program can refuse to provide a referral to an abortion provider. *Id.* at 23181; 23190-91. In explaining the need for the Refusal Rule, Defendants assert a conflict between the 2000 Title X regulations and the Refusal Rule:

- "The Department agrees that regulations finalized in 2000 governing the Title X program, which in some cases required referrals, information, and counseling about abortion, conflicted with certain Federal conscience and anti-discrimination laws and, consequently, with this rule." 84 Fed. Reg. at 23190.
- "The published Title X final rule revised the 2000 Title X regulations to eliminate that conflict and achieve consistency with Federal conscience statutes." 84 Fed. Reg. at 23191.
- "The Department has amended the Title X regulations to remove the requirements for abortion counseling, information, and referrals, while permitting the provision of nondirective counseling on, and information about, abortion. *Under the 2019 final rule governing the Title X program, the Title X regulations no longer conflict with Federal conscience and antidiscrimination laws or this final rule*." 84 Fed. Reg. at 23200 (emphasis added); *see also id.* at 23223.
- "Regardless, as the Department recognized in the 2008 Rule, *a Federal regulatory requirement that a Title X applicant, grantee, program, or clinic – a recipient of Federal funds in carrying out a HHS program –provide abortion counseling, information, and referrals cannot be enforced against such entities whose refusal to do so is protected by applicable Federal conscience and related nondiscrimination statutes*." 84 Fed. Reg. at 23201. (emphasis added).

Defendants assert that both the Title X Final Rule and the Refusal Rule are companion regulations necessary to comply with federal conscience laws. 84 Fed. Reg. at 23190-91, 23200-01. Defendants also filed a notice in this case stating that the Refusal Rule had been issued and would soon be published in the Federal Register. Dkt. No. 104 (May 2, 2019). Defendants added that they "d[id] not believe that the new [Refusal] rule conflicts with the [Title X] preliminary injunction." *Id*.

Due to the common and overlapping issues, a failure to relate these three cases may result in inconsistent outcomes and in the burdensome duplication of labor and expense addressing related issues. Therefore, California respectfully requests that the Court relate the cases.

## II.    ARGUMENT

The State of California moves pursuant to Local Rule 3-12 for a determination that the Title X case is "related" to the Refusal Rule case. Under Rule 3-12, actions are related when:

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

The Title X case and the Refusal Rule cases should be related because they involve the same Defendants, similar plaintiffs and claims, and relation will promote judicial economy and avoid inconsistent rulings. First, the cases involve the same or similar parties. The Defendants are the same, California is a plaintiff in two of the three cases, and San Francisco is a sub-recipient of federal funds granted to California. Second, the Refusal Rule cases and the Title X case concern substantially similar claims and subject matter. The cases challenge HHS regulations under the APA and the Constitution, and in all three cases, plaintiffs assert that the rule impedes access to healthcare in violation of Section 1554 of the ACA.

Because of the similarity of issues and claims, relation is necessary to minimize the risk of conflicting results. Here, Defendants assert that the 2000 Title X regulations conflict with the Refusal Rule. 84 Fed. Reg. at 23190. The 2000 Title X regulations—and Congress—require that Title X programs provide nondirective counseling, which includes referrals to abortion providers if the patient wishes. *See* 2019 Continuing Appropriations Act, Pub. L. No. 115-245, Div. B., Tit. II, 132 Stat. 2981, 3070-71 (2018) (requiring that "all pregnancy counseling shall be nondirective"); 42 C.F.R. § 59.5(a)(5) (2000).

But by promulgating the Refusal Rule, Defendants seek to broaden the scope of federal conscience laws to permit any healthcare entity or individual to refuse to provide referrals to abortion providers. Here, conduct protected under the Refusal Rule includes "assist[ing] in the performance of" any abortion, which, under the Refusal Rule, is defined as including "*counseling*, *referral*, training, or *otherwise making arrangements for the procedure* or a part of a health service program or research activity." 84 Fed. Reg. at 23263 (emphasis added). Under the Refusal Rule's broad new definition of "discrimination," Title X funding may be extended to entities that

3

1  refuse to provide nondirective counseling. *Id*. As such, the Refusal Rule cases require the Court to

2  construe the scope of conscience protection laws in light of federal law that applies to the Title X

3  regulations. And the Title X case requires the Court to construe the scope of conscience

4  protections, a process which the Court has already begun. *See* Dkt. 103 at 62.

5        Without relation, there is a risk of inconsistent rulings that may result in confusion as to

6  which rules apply to Title X programs. There is also possibility that without relation, Defendants

7  may use the Refusal Rule as an end-run around the Court's April 26 Preliminary Injunction,

8  which preserved the status quo—including longstanding Title X regulations which require Title X

9  grant recipients to provide neutral, factual counseling to pregnant clients regarding their full range

10  of options—pending resolution of the merits of California's cases. Relation will ensure that the

11  Court can provide consistent enforcement of its orders.

12        Finally, if the cases are related, only one judge and chambers staff will be burdened with

13  overlapping fact-finding, including details about the specific healthcare programs at issue and

14  facts relating to the harm that will be caused by the two Final Rules. This will conserve judicial

15  resources and ensure that the same court is able to monitor the interplay between the rules and

16  any relief afforded by the Court.

17  **III.   CONCLUSION**

18        Plaintiff respectfully requests that this Court relate *State of California v. Azar, et al*., Case

19  No. 19-cv-01184-EDL, *City and County of San Francisco v. Azar, et al.*, Case No. 3:19-cv-2405,

20  and *State of California v. Azar, et al*., Case No. 3:19-cv-02769.

21

22

23

24

25

26

27

28

4

1    Dated: May 24, 2019                          Respectfully Submitted,

2                                                 XAVIER BECERRA
                                                  Attorney General of California
3                                                 KATHLEEN BOERGERS
                                                  Supervising Deputy Attorney General
4
                                                  /s/Anna Rich
5                                                 ANNA RICH
                                                  Deputy Attorney General
6                                                 *Attorneys for Plaintiff State of California, by
                                                  and through Attorney General Xavier
7                                                 Becerra*

8    OK2019600558/91118122.docx

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Administrative Motion to Consider Whether Cases Should be Related (3:19-cv-01184-EMC)