UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX AZAR, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01184-EMC<br><br>**RELATED TO**<br><br>Case No. 19-cv-01195-EMC |
| ESSENTIAL ACCESS HEALTH, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALEX M. AZAR II, et al.,<br><br>　　　　Defendants. | **ORDER DENYING DEFENDANTS' MOTIONS FOR STAY PENDING APPEAL**<br><br>Docket No. 117, C-19-1184<br>Docket No. 91, C-19-1195 |

On March 4, 2019, Defendants promulgated a new rule implementing Title X of the Public Health Service Act. *See* Compliance with Statutory Program Integrity Requirements, 84 Fed. Reg. 7714 (2019) ("Final Rule"). Plaintiffs in these related actions, the State of California and Essential Access Health, moved to preliminary enjoin enforcement of the Final Rule. *See California v. Azar*, No. 3:19-cv-1184-EMC (N.D. Cal.) ("*California*"), Docket No. 26; *Essential Access Health, Inc. v. Azar*, No. 3:19-cv-1195-EMC (N.D. Cal.) ("*Essential*"), Docket No. 25. On April 26, 2019, this Court granted Plaintiffs' motions in substantial part and enjoined the Final Rule from being enforced in California. *See California* Docket No. 103 ("PI Order").

Currently before the Court are Defendants' motions to stay proceedings in this Court pending resolution of their appeal from the PI Order. *California* Docket No. 117; *Essential*

Docket No. 91 (collectively, "Mot."). The Court **DENIES** the motions to stay.

## I.        DISCUSSION

A.     Legal Standard

Under *Landis v. North American Co.*, 299 U.S. 248 (1936), "[a] district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Where a court is asked to stay proceedings pending the outcome of a related proceeding,

> the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

B.     The Orderly Course of Justice

Defendants' primary argument is that a stay will result in a simplification of issues. According to Defendants, "the Ninth Circuit's disposition of the appeal is likely to be controlling with respect to the central merits issues presented in this case," and so forging ahead without waiting for an appellate decision would cause "the parties and the Court [to] waste time and resources briefing and considering legal issues that are to be determined by the Ninth Circuit." Mot. at 4–5. This rationale is unpersuasive. It is true that in reviewing any preliminary injunction order, the appellate court must preview the merits of the case. But the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583–84 (9th Cir. 2018) (citations omitted). "Because of the limited scope of [appellate] review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, [the Ninth Circuit's] disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *Id.* at 584.

2

1   Here, for instance, the Court rendered its preliminary injunction decision before the full
2   administrative record became available. That record has now been produced and will ground the
3   litigation going forward. Further, Plaintiffs asserted constitutional claims in their complaints that
4   were not raised at the preliminary injunction stage. Moving forward with these proceedings would
5   also allow those claims to be adjudicated in a timely manner.

Defendants cite *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354 (W.D. Wash. Mar. 17, 2017) and *Hawai'i v. Trump*, 233 F. Supp. 3d 850 (D. Haw. 2017) in support of their argument that a stay is warranted on efficiency grounds. But the courts in *Washington* and *Hawai'i* each stayed determination of a pending motion for a temporary restraining order ("TRO") while the Ninth Circuit ruled on an appeal from a substantively identical TRO issued by a different court. *See Washington*, 2017 WL 1050354, at *5; *Hawai'i*, 233 F. Supp. 3d at 855. Here, in contrast, Defendants assert that merits proceedings should be halted altogether while the Ninth Circuit reviews a preliminary injunction ruling this Court has already made. Neither *Washington* nor *Hawai'i* stand for such a proposition.

The "orderly course of justice" factor in *Lockyer* weighs against granting a stay.

C.  <u>The Possible Damage Resulting from a Stay and the Hardship or Inequity from Going Forward</u>

The "[party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Lockyer*, 398 F.3d at 1109–10 (quoting *Landis*, 299 U.S. at 255 (alteration in original)). There is clearly more than "a fair possibility" that a stay would harm Plaintiffs here. In the PI Order, the Court found that "[u]nless enjoined, the Final Rule will irreparably harm individual patients and public health in California as a whole" by "decimat[ing] the network of Title X providers in California and drastically restrict[ing] patients' access to a wide range of vital services." PI Order at 2. Delaying the ultimate resolution of the Final Rule's lawfulness would expose Plaintiffs to this harm if the Ninth Circuit dissolves the preliminary injunction and the final adjudication of this case is delayed because of an extended stay. In contrast, Defendants do not articulate any injury they would suffer if the lawsuit were to proceed,

3

much less "make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1109–10.

## II.  CONCLUSION

Defendants' motions to stay are **DENIED**.  Defendants are **ORDERED** to respond to Plaintiffs' complaints by July 30, 2019.  The motion hearing on July 16, 2019 is **VACATED**.

This order disposes of *California* Docket No. 117 and *Essential* Docket No. 91.

**IT IS SO ORDERED**.

Dated: July 9, 2019

EDWARD M. CHEN
United States District Judge