UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br>    Plaintiff,<br>v.<br>ALEX AZAR, et al.,<br>    Defendants.<br>ESSENTIAL ACCESS HEALTH, INC., et al.,<br>    Plaintiffs,<br>v.<br>ALEX M. AZAR II, et al.,<br>    Defendants. | Case No. 19-cv-01184-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO BIFURCATE ISSUES**<br><br>Docket No. 157<br><br>**RELATED TO**<br><br>Case No. 19-cv-01195-EMC |

On January 15, 2020, Plaintiff filed a Motion to Bifurcate Issues and to Set Summary Judgment Briefing Schedule. *See* Docket No. 157 ("Mot.").[1] Prior to the filing of that Motion, the Court had set a Summary Judgment Briefing Schedule, *see* Docket No. 156, so the Court finds that portion of Plaintiff's Motion to be moot. The dates set forth in the Court's order from January 15, 2020 remain the operative deadlines.

With respect to Plaintiff's request to "bifurcate California's APA claims from its Constitutional equal protection claim," pursuant to Federal Rule of Civil Procedure 42(b), Mot. at 1, the Court construes this request as an administrative request for relief from Rule 9 of this

---

[1] All Docket Numbers referred to in this order refer to the numbers in Case No. 19-cv-01184.

Court's General Civil Standing Orders.[2] That rule limits each party to filing one summary judgment motion and directs any party wishing to exceed that limit to request leave of the Court. Having construed Plaintiff's request as such, the Court **GRANTS** Plaintiff's request for relief and permits the State of California to limit its upcoming summary judgment motion to its APA claims, without prejudice to filing a summary judgment motion on any constitutional claims at a later date.

This order disposes of Docket No. 157.

**IT IS SO ORDERED**.

Dated: January 17, 2020

_____
EDWARD M. CHEN
United States District Judge

---

[2] "Each party or side is limited to filing one summary judgment motion. Any party wishing to exceed this limit must request leave of the Court." Judge Edward M. Chen's General Civil Standing Orders – Rule 9.